LORING PICKERING, appellant, *v.* EDWARD F. PULSIFER *et al.,*
appellees.

*Appeal from Putnam.*

In an action of *assumpsit* upon ·a promissory note, against *Loring Pickering,*
the declaration averred that the defendant made the note. To support the
declaration, a note signed *"L. Pickering"* was introduced on the trial, which
was objected to for variance, but it was read in evidence. No other testi-
mony was offered, nor was there any averment in the declaration that the
defendant, by the name of *L. Pickering,* made the note: *Held,* that it was not
a substantial variance.

A judgment, which exceeds the *ad damnum* of the declaration, is erroneous. The
Supreme Court, in such case, will not allow a *remittitur,* but will remand
the cause to the Circuit Court ·to give the party an opportunity to move for
leave there to amend his declaration.

ASSUMPSIT, in the Putnam Circuit Court, brought by the
appellees against the appellant. The cause was tried by the
Hon. John D. Caton, without the intervention of a jury,
when a judgment was rendered in favor of the plaintiffs
below for the sum of $202·86. The damages laid in the
declaration were $191·69.

The evidence in the case is stated in the Opinion of the
Court.

*O. Peters,* for the appellant.

1. When the judgment is for a greater amount than the
*ad damnum* of the declaration, the judgment must be re-

versed; and a *remittitur* cannot be entered for the surplus, after judgment rendered, nor after error brought. 2 U. S. Dig. 3, Pl. 61.

In 3 Harris & Johns. there is a very full and masterly discussion of this subject, and the law is shown to be, that after error brought, and even after judgment rendered, and before error brought, a *remittitur* cannot be entered so as to save the error; but the judgment must be reversed notwithstanding the *remittitur*.

2. There was a variance between the proofs offered and the allegations of the declaration. The plaintiff declared against *"Loring Pickering;"* the note offered in evidence purports to be executed by *"L. Pickering."* This is a fatal variance. It is a description of the note and the person, and it is not aided by the money counts; for these counts. are against Loring Pickering, and the evidence offered under the counts, only proves that L. Pickering was indebted. 3 Peters' Dig. 259, Pl. 353; 2 Greenl. Ev. § 12; *Nelson* v. *Swan,* 13 Johns. 486. In the last case, proof was offered of the identity of the person. *Bryden* v. *Hastings,* 17 Pick. 200; *Stevens* v. *Stebbins,* 3 Scam. 25.

The Court cannot know that "L." means "Loring" rather than "Lovell," or "Lucifer." *Peyton* v. *Tappan,* 1 Scam. 388; *Longley* v. *Norvell,* ib. 389.

Our statute, requiring parties to deny under oath the execution of instruments, does not apply to cases like this. This has been expressly decided by this Court.

The instrument produced is not the one declared on, the contract attempted to be proved is not the one described in the declaration. Defendant need not deny the contract or instrument declared on, but may require them to produce it as the plaintiffs have described it.

The case in 2 Gilm. 377, does not militate against this case.

*H. O. Merriman,* for the appellee.

In this case, there is no sufficient assignment of errors to raise the question of the excess of damages above the *ad damnum* of the declaration. It should be specifically assigned, or this Court will not review it. 2 Tidd's Pr. 1169.

Pickering *v.* Pulsifer *et al.*

There was no motion in arrest of judgment in the Court below, nor any proceeding that could have brought the record in review before the Court below, and this Court ought not to notice errors in the record, which might have been taken advantage of in the Court below, and while the record was in a position that an amendment could be allowed, when, from the record, it appears that the Court below could not have reviewed the record. Such errors should be considered as waived. *Beakman* v. *Frost,* 18 Johns. 558; *Bank of Utica* v. *Smeeds,* 3 Cowen, 684; *Bell* v. *Bruen,* 1 Howard's, (U. S.) R. 187; *Alexander* v. *Hayden,* 2 Missouri, 211; *Stephens* v. *Sweeney,* 2 Gilm. 377. The statute evinces an intention of the Legislature, that exceptions shall not be made here when suffered to pass unnoticed below. Rev. Stat. 416, §§ 22, 23, &c.

This error could not have been before the Court on the motion for a new trial, as the only ground of the motion, as stated in the bill of exceptions, was "because the finding of the Court was against law and evidence." This only calls in review the evidence and law arising thereon, before the Court. The party should have been put to his motion for a *venire facias de novo,* because the finding was not responsive to the issue. A motion for a new trial being, strictly speaking, for matter not on the record.

As to the supposed variance, see *Linn* v. *Buckingham,* 1 Scam. 451; *Greathouse* v. *Kipp.* 3 do. 371. These cases are conclusive on the subject of variance.

This Court can render such a judgment as the Court below should have rendered.

The Opinion of the Court was delivered by

PURPLE, J*. The declaration in this case was in *assumpsit* upon a promissory note, executed by appellant, payable to James Packingham, and by him assigned to appellees. The count upon the note contains no averment that appellant,

---

* WILSON, C. J., did not sit in this case.

by the name of "L. Pickering," made the note. The damages claimed are $191·69. Plea, *non assumpsit*. The cause was submitted to the Court for trial. The Court found the issue for the appellees, and assessed their damages at $202·86.

From the bill of exceptions, it appears that the appellees on the trial in the Circuit Court, offered in evidence the following note:

"$185·69. For value received, I promise to pay James Packingham or order, the sum of one hundred and eighty five dollars and sixty nine cents, on demand with interest.

L. Pickering."

indorsed, "James Packingham."

Appellant objected to the introduction of the note. The Court overruled the objection, and the appellant excepted.

After the damages had been assessed by the Court, the appellant moved for a new trial, because the finding of the Court was against law and evidence, which motion was overruled, and appellant excepted.

The errors relied on are, the admission of the note in evidence; the overruling the motion for a new trial; and the rendition of judgment upon the finding of the Court against the appellant.

One point made on the argument is, that there is a variance between the note declared on and the one offered in evidence by the plaintiff. The Court is of opinion that there is no substantial variance. We may admit that strictly and technically the defendant "Loring Pickering," and "L. Pickering," may not necessarily be the same person. Yet, on the other hand, they may be the same; and if it shall in any manner appear, either by proof or by implication of law, that "Loring Pickering" did make the note, then it cannot be denied that the allegation and the evidence correspond. "Loring Pickering" is sued. He appears and pleads *non assumpsit*. The note is produced, signed "L. Pickering," and he does not, under our statute, verify his plea by affidavit; and consequently, as we think, does not "deny on the trial" the execution of the note by himself.

Upon this precise point, we have been able to find but little authority.

In Chitty on Bills, 560, it is said that "when a promissory note was signed for Bowes, Hodgsons, Key & Co.," and they were sued, and one of them was declared against by the name of Thomas Key, whose real name was John Key, it was held to be no misnomer, it being proved that the real partner had been sued and served with process, and cites 16 East, 110.

On p. 626–7, of Chitty on Bills, it is held, that it will not be necessary to prove that the defendants were of the christian names stated in the declaration.

In a case entitled *Hodenpyl* v. *Vingerhoed*, and another, tried before Abbott, C. J., 3 July, 1818, the action was on a note drawn to the plaintiff and subscribed by the firm of "*Vingerhoed & Christian*." The declaration stated several christian names of each defendant. A witness swore that he knew the firm of "Vingerhoed & Christian," and that there were two persons of those surnames in the firm; but that he did not know their christian names; and that, in a conversation with Vingerhoed, he admitted that the note was subscribed by him in the name of the firm. This was held sufficient to establish the action against both defendants. Chitty on Bills, 626, note.

In an action on a promissory note against the maker, the declaration alleged that the note was made by "John C.," and the note offered in evidence was signed "J. C.." Held that this was not a variance. *Cantley* v. *Hopkins*, 5 Stew. & Port. 58, cited in 3 U. S. Dig. 148, No. 274. The case of *Vance* v. *Funk*, 2 Scam. 261, affirms the same doctrine.

These authorities appear to be in point, and none have been found or referred to, which, when this precise question has been raised, are in conflict with them.

Although the decision of this question was not absolutely necessary to the determination of this case, yet, as it and similar ones must frequently arise in practice upon the Circuit, it was considered important that it should be settled.

The judgment in this case however must be reversed, for the reason that the finding and judgment of the Court exceeds

the damages claimed in the declaration. This is matter of substance, it being apparent from the record that the Court could not legally render such a judgment. Although this Court have not held that they have not the power to allow a *remittitur* to be entered here, yet it has heretofore declined to adopt the practice. *Chenot* v. *Lefevre*, 3 Gilm. 643.

The proper judgment cannot be entered here, unless the Court indirectly do that which it has refused to do directly; that is, unless it should enter up a judgment for the amount claimed in the declaration, which would virtually amount to a *remittitur* by the appellees. From the evidence presented in the record the proper judgment, so far as the amount is concerned, was entered by the Circuit Court. But this was unwarranted by the declaration. Before the proper judgment can be entered, the appellees must apply to the Circuit Court for leave to amend their declaration; or if the cause is tried there without such amendment, and the damages assessed shall exceed the *ad damnum* in the declaration, they must remit the excess in that Court.

The judgment of the Circuit Court is reversed at the costs of appellees, and the cause remanded to that Court for further proceedings.*

*Judgment reversed.*

---

*Justices Thomas and Koerner concurred in the reversal, but not, in all respects, in the Opinion of the Court.